UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESUS OMAR BELLOSO SOSA,

Petitioner,

v.

TODD BLANCHE, et al.,,

Respondents.

CASE NO. C26-3269-BAT

**ORDER GRANTING PETITION AND DIRECTING RELEASE**

Petitioner requests the Court grant his § 2241 habeas petition and issue an order (1) directing Respondents to immediately release him from civil immigration detention; (2) enjoining Respondents from redetaining him without first providing individualized notice and a predetention hearing before a neutral decisionmaker; and (3) granting EAJA fees and costs.

The Court **GRANTS** the petition as follows:

1. Petitioner, a 61-year-old citizen of El Salvador, entered the United States in 1983. He was convicted in 1985 for the sale or transportation of marijuana, in 1987 for possession of marijuana for sale, and in 1992 for vehicle theft. In 1992 Petitioner was removed. In 2011, Respondents found Petitioner in the country, served him with a notice to appear and released him on bond on August 26, 2011. Petitioner has since lived with his U.S. citizen wife and three children and volunteers at churches. In 2012, Petitioner applied for asylum, withholding or

removal and protection under the convention against torture. In January 2014, Respondents administratively closed Petitioner's removal proceedings and cancelled his bond. In 2015, Petitioner was charged with placing a person in fear by displaying a weapon with intent to intimidate. Between 2022 and 2026, Petitioner was charged with driving under the influence, assault in the fourth degree, harassing communication with a domestic violence enhancement, physical control of a vehicle while under the influence, violating a condition to use an interlock device and failing to transfer vehicle ownership.

2. On July 8, 2026, Respondents rearrested Petitioner without notice while he was providing church related services to individuals suffering substance abuse and are homeless. Petitioner was not afforded a hearing before a neutral decisionmaker and has been detained at the Northwest ICE Processing Center. Respondents contend Petitioner was detained because he had been previously removed, was unlawfully in the United States, and has a significant criminal history.

3. Respondents do not challenge the Court's jurisdiction to grant a writ of habeas corpus to an individual who is detained "in violation of the Constitution or law or treaties of the United States." See 28 U.S.C. § 2241(c)(3). Plaintiff contends, and Respondents agree, Petitioner was detained without a bond hearing and his detention is governed by 8 U.S.C. § 1226(a). Petitioner contends his detention violates due process and under the factors listed in *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976), the Court should order his immediate release.

4. Respondents disagree first arguing Petitioner was not entitled to a predeprivation hearing because he was not subject to any form of release or active removal proceedings upon arrest. The Court finds Petitioner is not due less process because he was released into the community when Respondents administratively cancelled his bond and rejects Respondents'

position that the Department of Homeland Security can erase a noncitizen's liberty interests and right to due process by simply administratively cancelling bond and dismissing prior proceedings. *See e.g. Lima Gamez v. Hernandez*, No. 2:26-cv-01104-BAT, 2026 WL 1382362 at * 5 (W.D. Washington, May 18, 2019) ("The Court finds little sense in the proposition that, merely because the government dismissed removal proceedings against Petitioner and released him with no restrictions, he is less entitled to procedural protections than would be a petitioner who remains in active removal proceedings and is subject to conditional release."); *Yu v. Hernandez*, NO. 2:26-cv-01372-DGE, 2026 WL 1560581 at * 8 (W.D. Washington, May 22, 2026) (Modifying *Garcia Gabriel v. Hermosillo*, No. 2:25-CV-02594-DGE-GJL, 2026 WL 194233, (W.D. Washing. Jan. 26, 2026) and agreeing "[a] noncitizen's due process protections after dismissal of prior removal proceedings cannot be less than the due process protections afforded to noncitizens subject to conditional release."); *Diaz Aguilar v. Hermosillo*, 2:26-cv-00537-BAT**,** 2026 WL 706658 at * 2 (W.D. Washington, March 13, 2026) (rejecting argument "the process due to Petitioner is less than the process due to a noncitizen who was released on an order of release on recognizance ("OREC") during active removal proceedings."); *Ferrer-Valdez v. Warden*, No. 1:26-cv-06517-DAD-SCR (HC) at *1 (E.D. California, Aug. 25, 2026) ("The court is also unpersuaded by respondent's implicit suggestion that petitioner's due process rights are diminished because his prior removal proceedings were terminated.").

5. The Court finds when Respondents cancelled Petitioner's bond in 2014, Respondents deemed Petitioner was neither a flight risk nor a danger to the community as he was unconditionally released. Respondents' claim there was a basis to detain Petitioner in 2026 without notice or a hearing because Petitioner had been previously removed, was unlawfully in the United States, and has a significant criminal history. But Petitioner was granted bond in 2011

and then released without any conditions in 2014 even though these very factors were known at that time. The Court concludes Respondents have offered no valid reason for Petitioner's 2026 detention or redetention and accordingly violated his rights to due process of law.

6. Respondents argue even if the Court finds Petitioner possessed a due process right to notice and a hearing, Petitioner's arrest and detention comports with due process under the *Mathews'* factors: (1) the private interest affected, (2) the risk of an erroneous deprivation of such interest; and (3) the Government's interest. *See Mathews v. Eldridge*, 424 U.S. at 332. The Court finds each *Mathews* factor favors Petitioner. First, Petitioner has lived in the community since 2011 and has a long held liberty interest in freedom from detention. Second, Petitioner was arrested while he was doing voluntary work for a church. Respondents knew about his lack of legal status and California criminal convictions since he was released on bond in 2011. While he has been subsequently arrested for misdemeanor offenses, there is no indication he has been convicted. Under these circumstances, the risk of erroneous deprivation of liberty is high. And lastly Respondents' claim Petitioner should be detained because he lacks legal status and may not appear for further hearings is contradicted by the record which shows Respondents released Petitioner on bond, then terminated both the bond and active proceedings 12 years ago, thereby allowing him to reside in the country without any form of supervision. To now argue Petitioner should be detained due to lack of legal status and a risk of nonappearance rings hollow.

7. Petitioner contends the proper remedy is release. Respondents argue if the Court grants habeas relief, Petitioner should be afforded a bond hearing, not immediate release. As in other decisions issued in this district the Court finds the proper remedy is release rather than directing a bond hearing. *See e.g. Yu v. Hernandez*, 2026 WL 1560581 at * 8 (based on *Mathews*, ordering release rather than ordering a bond hearing is the appropriate relief).

9. Petitioner requests the Court enjoin Respondents from redetaining him absent written notice and a predetention hearing at which Respondents bear the burden of showing by clear and convincing evidence that Petitioner is a flight risk or poses a danger to the community. Respondents oppose injunctive relief and argues is must only show, at most, by a preponderance of the evidence that Petitioner is a flight risk or danger to the community at any future redetention hearing. Respondents present no substantive argument against injunctive relief and instead merely state such relief is unavailable in this action.

A party "seeking a permanent injunction must demonstrate (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Petitioner has unquestionably been irreparably injured by being detained in violation of due process. "It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Ortiz v. Hermosillo*, No. 2:26-CV-00384-TL, 2026 WL 607672, at *6 (W.D. Wash. Mar. 4, 2026) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017)). And monetary damages would be inadequate to compensate for a threatened future loss of liberty, as much as for the present loss of liberty. Finally, Petitioner has demonstrated the final two factors (which merge when the government is the opposing party) are satisfied: there is no disservice to the public and no undue hardship created by requiring the government to adhere to constitutional procedures, and the cost of a pre-deprivation hearing is outweighed by the substantial liberty interests at stake. Respondents present no persuasive substantive argument against injunctive relief and instead contend the remedy here is a bond hearing before an

immigration judge where the government may present evidence concerning flight risk or danger.

The Court concludes the eBay factors are satisfied, and a permanent injunction is warranted. At any future predeprivation hearing, the Court finds it appropriate to require the government to justify redetention by clear and convincing evidence, given the violation of Petitioner's due process rights and the risk of erroneous deprivation of liberty. At any such hearing, consistent with Ninth Circuit precedent, the government will bear the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) ("At the outset of its decision, the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [the detainee] is a danger to the community."); *id*. at 786 (reiterating that "due process requires ... the government to prove dangerousness or risk of flight by clear and convincing evidence") (citing *Singh v. Holder*, 638 F.3d 1196, 1200, 1205 (9th Cir. 2011), abrogated on other grounds as recognized by *Rodriguez Diaz*, 53 F.4th at 1202); *Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent establishing the government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause); *Balwan v. Bondi*, 2026 WL 497098, at *9 (W.D. Wash. Feb. 23, 2026) (surveying circuit caselaw and concluding that the government should bear the burden).

**CONCLUSION**

1. The petition for writ of habeas corpus is **GRANTED**. Dkt. 1.

2. Respondents shall **RELEASE** Petitioner within 24 HOURS of entry of this order and restore him to the same conditions as those in place prior to Petitioner's re-detention, unless Respondents choose to impose less restrictive conditions; return to Petitioner any personal

property upon release, including personal identification documents (other than a passport) and employment authorization documents; and file a status report certifying they have been released within 48 HOURS of entry of this order.

3. Respondents are **PROHIBITED** from re-detaining Petitioner without adequate notice of intent to re-detain them and the grounds for re-detention, as well as a pre-deprivation hearing before a neutral decisionmaker at which the government bears the burden of proving by clear and convincing evidence that each Petitioner is a flight risk or danger to the community. This prohibition does not apply to mandatory detention under 8 U.S.C. § 1226(c).

4. Petitioners may file a motion for an award of fees and expenses under the Equal Access to Justice Act within the time required by statute.

DATED this 1st day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge